45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William B. BRYANT, Defendant-Appellant.
 No. 93-4323.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1994.
 
 Before: GUY and BATCHELDER, Circuit Judges, and McKEAGUE, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant appeals his sentence imposed by the district court after the defendant pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. Sec. 922(g)(1), and to making a false statement to obtain a firearm, a violation of 18 U.S.C. Sec. 922(a)(6). We affirm.
 
 
 2
 The defendant's sole assignment of error is that the district court erred in refusing to depart downward on the basis of U.S.S.G. Sec. 5K2.11, the policy statement on "lesser harms." The defendant claims that he purchased the firearm solely in order to avoid the greater harm of death or serious injury to himself or his family from individuals who had severely beaten him and continued to threaten him and his family. The government counters that we lack jurisdiction to hear this appeal because the district court's discretionary decision not to depart downward is not reviewable.
 
 
 3
 We have carefully reviewed the record of the sentencing proceedings, and we conclude that we have jurisdiction to hear this appeal because the defendant's challenge is not to the discretionary refusal to depart, but to a specific legal error which he perceives in the district court's application of the guidelines. 18 U.S.C. Sec. 3742(a)(2); see United States v. Lavoie, 19 F.3d 1102, 1103 (6th Cir.1994). However, we also conclude that the defendant's challenge is not well-taken.
 
 
 4
 The defendant claims that Sec. 5K2.11 has two separate prongs, either one of which will support a downward departure, but that the government argued, and the district court agreed, that to qualify for such a departure, the defendant was required to satisfy both prongs. We agree that the two prongs are independent and that a downward departure may be based on either. And we agree that the government at one point in its argument appeared to conflate the two. We do not think, however, that the record requires the finding that the district court misapprehended the requirements of Sec. 5K2.11.
 
 
 5
 The text of Sec. 5K2.11 sets out two separate circumstances under which the district court may be warranted in departing downward.
 
 
 6
 Sometimes, a defendant may commit a crime in order to avoid a perceived greater harm. In such instances, a reduced sentence may be appropriate, provided that the circumstances significantly diminish society's interest in punishing the conduct....
 
 
 7
 In other instances, conduct may not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue....
 
 
 8
 U.S.S.G. Sec. 5K2.11, p.s.
 
 
 9
 Here the government's choice of words was unfortunate, but the argument which the district court agreed with is clear. This defendant claims to have committed the crime of being a felon in possession of a firearm in order to avoid a perceived greater harm. The issue is whether the circumstances cited by the defendant, i.e., the risk of harm to himself and his family if he were unarmed, significantly diminish society's interest in punishing the conduct, i.e., being a felon in possession of a firearm. The district court agreed with the government that the interest of society in punishing the conduct of being a felon in possession of a firearm is to reduce the number of felons in the general population who have weapons which they can use in committing other offenses, and that interest is not significantly diminished by the defendant's fear of being injured by someone else engaging in criminal behavior.
 
 
 10
 The defendant's belief that the government and the court conflated the two conditions of Sec. 5K2.11 arises because where the criminal conduct of the defendant is the possession, as a felon, of a firearm, "society's interest in punishing [that] conduct" is virtually the same as the "harm or evil sought to be prevented by the law proscribing the offense at issue." After review of the record, we are satisfied that the district court correctly interpreted Sec. 5K2.11 and did not abuse its discretion in declining to depart downward on the basis of that section.
 
 
 11
 The sentence is affirmed.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation